UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN ROBINSON,

     Petitioner,

         v.                                       CAUSE NO. 3:22-CV-633-MGG

WARDEN,

     Respondent.

## OPINION AND ORDER

Kevin Robinson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-7-366) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellular device in violation of Indiana Department of Correction Offenses 121. Following a hearing, he was sanctioned with a loss of one hundred days earned credit time and a demotion in credit class.

Robinson argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he possessed a cellular device. He maintains that the video recording evidence was inconsistent with the conduct report because the video recording does not show that the correctional staff who searched his cell had the cellphone in their hands as they completed the search and exited the cell.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

> Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represented that she found a cellphone and a charger in Robinson's cell. ECF 8-1. The administrative record includes a photograph of the cellphone and charger. ECF 8-2. It also includes the video recording of the day room during the search, which the court has reviewed. ECF 11. The court is unable to see the cellphone in any of the correctional officers' hands on this recording, but this finding does not fatally undermine the conduct report. The footage is not in high definition, and the inability to see the cellphone may simply be due to the limited capabilities of the camera. Alternatively, correctional staff may have moved the cellphone and charger, neither of which are particularly large items, out of the cell in some other way, such as by placing them in a pocket. The conduct report and the photograph constitute some evidence that Robinson possessed a cellular device. Therefore, this claim is not a basis for habeas relief.

Robinson also argues that he is entitled to habeas relief because he did not receive a notice of confiscation form as required by departmental policy. This argument does not relate to the procedural safeguards for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the

United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Moreover, the mere failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this argument is not a basis for habeas relief.

If Robinson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kevin Robinson leave to appeal in forma pauperis.

SO ORDERED on December 5, 2022

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge